Charles Miller and Myrtle Miller, as Executors and Trustees of and under the Last Will and Testament of Arthur Moser, Deceased, Respondents, v. Madeline Moser, Appellant, and Others, Defendants.— Order and amended interlocutory judgment, in so far as appealed from, affirmed, with costs. The widow, having in her answer joined in the prayer for relief contained in the complaint, irrevocably elected to have a sale of the premises in an action brought under section 509 of the Real Property Law.█ In such an action, when it has reached such a stage, no further consent from the widow is needful to a sale of the property. The sections under article 14█ only have application to an action brought under section 509 in so far as they concern the procedure from the time

---

* Affd., 257 N. Y. 605.

of the entry of the interlocutory judgment. The service of the answer in the form herein by the defendant widow precluded her from having recourse to the different form of remedy available to her under article 14 of the Real Property Law and the sections thereof. (*Matter of Garver*, 176 N. Y. 386; *Whalen* v. *Stuart*, 194 id. 495; *Terry* v. *Munger*, 121 id. 161; *Conrow* v. *Little*, 115 id. 387, 393; *Rodermund* v. *Clark*, 46 id. 354; *Einstein* v. *Dunn*, 61 App. Div. 195; affd., 171 N. Y. 648; 20 C. J. 29, and cases cited.) Hagarty, Carswell and Davis, JJ., concur; Lazansky, P. J., concurs in result; Kapper, J., dissents and votes to reverse upon the ground that the service of the answer was not an irrevocable election estopping the widow from seeking the benefits of the provisions of article 14 of the Real Property Law.